

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 3, 1975

The Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 East Eleventh Street
Austin, Texas 78701

Opinion No. H- 706

Re: Constitutionality of Acts 1975,
64th Leg., ch. 652, p. 1969 abolish-
ing the office of County Executive
School Secretary in certain counties.

Dear Dr. Brockette:

You have requested our opinion concerning the constitutionality of Acts 1975,
64th Leg., ch. 652, p. 1969 of the 64th Legislature. The Bill amends article
2688i-2, V. T. C. S., by abolishing the office of County Executive School Secretary
in counties having a population between 95,000 and 97,500 inclusive, according to
the last federal census. The duties of the office are transferred to the County
Judge.

The office of County Superintendent is provided for, generally, by article
2688, V. T. C. S. It has been abolished in many counties. Cf. V. T. C. S. arts.
2688d, 2688e, 2688f, et seq. In 1967 the Legislature adopted what is codified as
article 2688i-2 (Acts 1967, 60th Leg., ch. 493, p. 1112). It provided that in
counties having a population of not less than 86,472 nor more than 86,500
"according to the last preceding federal census," which was in 1960, the duties
theretofore performed by school superintendents would be performed by the County
Executive School Secretary. Apparently this Act was never challenged as a
special or local law.

However, with the taking of the federal census in 1970, any counties within
the bracket of article 2688i-2 in 1960, no longer were. See City of Fort Worth v.
Bobbitt, 36 S. W. 2d 470 (Tex. Sup. 1931). So far as we can determine, in 1970,
there was no county to which article 2688i-2 applied. Thus, the portion of Acts
1975, 64th Leg., ch. 652, p. 1969 which would abolish the office is therefore with-
out effect.

In addition, general law provides that where no County Superintendent has
been elected or appointed, the County Judge shall be ex officio County Superinten-
dent and perform all the duties required of that office. Education Code § 17.47.

Since there was no office of County Executive School Secretary in any Texas county and since the duties of that office have by law already been transferred to the County Judge, we can at present perceive no effect from Acts 1975, 64th Leg., ch. 652, p. 1969. Accordingly, it is unnecessary to address its constitutionality. But see e. g.,Attorney General Opinion H-8(1973).

## SUMMARY

The 1975 amendment to article 2688i-2, V. T. C. S., has no effect.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: